# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL GREEN,<br><br>        Plaintiff,<br><br>   v.<br><br>SWHITTACH, et al.,<br><br>        Defendants. | CASE NO. 1:06-CV-0666 OWW DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>(Doc. 14) |

A.    <u>Screening Requirement</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. After his original complaint was dismissed for failure to state a claim, plaintiff filed an amended complaint on April 30, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

1  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
2  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467
3  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
4  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
5  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
6  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
7  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395
8  U.S. 411, 421 (1969).

9        B.      Summary of Plaintiff's Complaint

10  The events at issue in the instant action allegedly occurred at Tehachapi State Prison, where
11  plaintiff was previously incarcerated.  Plaintiff names appeals coordinator Whittach as the only
12  defendant.  Plaintiff is seeking money damages.

13  In his complaint, plaintiff alleges that on September 3, 2004, he inquired to a correctional
14  officer about a package he had ordered and was told that it had not yet arrived.  On November 1,
15  2004, he made an inmate request and was told that his packages had in fact arrived.

16  Plaintiff states that on November 17, 2004, he was transferred to Corcoran State Prison and
17  did not receive his inmate request form back until December 15, 2004.  Plaintiff then filed a
18  grievance on December 20, 2004 which was returned to his as untimely.

19        C.      Plaintiff's Section 1983 Claims

20  The Due Process Clause protects prisoners from being deprived of liberty without due
21  process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action
22  for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for
23  which the protection is sought.  "States may under certain circumstances create liberty interests
24  which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).
25  Liberty interests created by state law are generally limited to freedom from restraint which "imposes
26  atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."
27  Sandin, 515 U.S. at 484.

28  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive

right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

As plaintiff was previously advised, defendant's actions stemming from plaintiff's attempts to pursue his inmate appeals do not give rise to a claim for relief for violation of the Due Process Clause, as plaintiff does not have a protected interest at stake with respect to utilization of the appeals process. With respect to the mandatory exhaustion requirement set forth in 42 U.S.C. § 1997e(a), interference with plaintiff's attempts to exhaust via the appeals process would give rise to a cognizable access to the courts claim only if and when plaintiff suffered an actual injury by having his claim or action dismissed for failure to exhaust. Accordingly, plaintiff's allegations concerning his attempts to utilize the inmate appeals process do not give rise to any claims for relief under section 1983 for denial of due process and/or denial of access to the courts.

D.   Conclusion

The court finds that plaintiff's amended complaint does not contain any claims upon which relief may be granted under section 1983. The court therefore HEREBY RECOMMENDS that this action be dismissed for failure to state a claim upon which relief can be granted. In doing so, the court does not recommend that leave to amend be granted as plaintiff was already given the opportunity to do so and was unable to cure the deficiencies identified by the court in the previous order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
4  1153 (9th Cir. 1991).

5      IT IS SO ORDERED.

6      Dated:   **October 9, 2007**             /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE